**Security Leasing Corporation v. Rosner**

*John C. Carlin, Jr.,* for plaintiff.
*Redlich, Cassol, Redlich & Morocco,* for defendant.

McCORMICK, J., April 26, 1973.—This matter comes before this court by virtue of defendant's petition to vacate and set aside a writ of execution and levy as filed by plaintiff.

Suit was instituted in the Arbitration Division of the Common Pleas Court of Allegheny County where plaintiff had filed suit against defendant alleging damages in the amount of $193.34. The summons received by defendant listed a trial date of June 13, 1972. Subsequently, defendant filed preliminary objections on April 28, 1972. The preliminary objections raising certain issues of law were ignored by the board of arbitrators and a judgment was rendered ex parte on May 1, 1972, sometime prior to the date of trial as originally listed. Thereafter, plaintiff instituted garnishment proceedings and defendant filed a petition to vacate and set aside the writ of execution and levy on the grounds that the judgment and execution were void and of no effect, stating the following reasons:

"(a) The court had no juridiction to enter the order;

"(b) The court was not the proper forum for the venue of the action;

"(c) Your petitioner was never served with a complaint in assumpsit;

"(d) The Summons in Assumpsit served on your petitioner was improper, unlawful, incomplete and not in conformity with the laws of the Commonwealth of Pennsylvania;

"(e) Preliminary Objections were filed raising the question of jurisdicition and venue and have not been disposed of as of this date."

After due and careful consideration of the entire pleadings in this case, together with the careful review of the briefs that have been filed by the respective parties, this court is of the opinion that the preliminary objections filed by defendant raising the issue of juris-

diction and venue of the courts of Allegheny County were a proper defense to that cause of action. The only facts appearing in the record regarding venue is that defendant is a resident of Westmoreland County; that defendant lives in Westmoreland County; that the contract was executed in Westmoreland County; that the equipment was delivered and is in Westmoreland County. This court cannot agree with plaintiff's assertion that venue lies in Allegheny County for the reason that the payments under the original contract were allegedly to be mailed into Allegheny County for collection. This is an assertion which does not appear of record other than plaintiff's counsel's statement. Even assuming for the purpose of argument that payments were to be made in Allegheny County, it is this court's opinion that this would not be sufficient to establish venue in that county. Rule 1006 of the Pennsylvania Rules of Civil Procedure provides in part that an action against an individual may be brought in and only in a county in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose. The mere mailing of payments does not qualify in the language under Pa. R. C. P. 1006 to establish venue in Allegheny County.

In view of the foregoing, the court is of the opinion that defendant's petition to vacate and set aside the writ of execution and levy of plaintiff is meritorious and should be sustained.

## DECREE

And now, to wit, April 26, 1973, it is hereby ordered, adjudged and decreed that the petition of defendant to vacate and set aside the writ of execution and levy of plaintiff is hereby sustained.